BROWN DEER LUMBER COMPANY, Appellant, vs. CAMP-
BELL-SHIRK COMPANY and others, Respondents.

*March 4—April 1, 1930.*

334

For the appellant there was a brief by *Leuch, Fichaux & Fellenz* of Milwaukee, and oral argument by *Peter F. Leuch*. *Louis R. Potter* of Milwaukee, for the respondents Lett.

STEVENS, J. The notes were transferred to the plaintiff before due and for value. The single question presented is whether the plaintiff was chargeable with knowledge of either the conditions under which these notes were transferred to the defendant Meyers, or of the false representations made by the defendant Meyers when he secured the notes.

(1) "The title of a person who negotiates an instrument is defective . . . when he obtains the instrument . . . by fraud, . . . or when he negotiates it in breach of faith." Sec. 116.60, Stats. The plaintiff is deemed *prima facie* to be a holder in due course because it acquired the notes before maturity and for value, "but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." Sec. 116.64, Stats.

The title of the defendant Meyers to the notes was defective. The plaintiff therefore had the burden of establishing that it acquired title as a holder in due course, which means in this case that the plaintiff had the burden of establishing that it had no notice of the fact that the defendant Meyers had secured the notes by fraud or that he was guilty of a breach of faith in negotiating them. The evidence presented

a clear-cut jury issue upon that question. The verdict determined that the plaintiff did not meet the burden imposed upon it and that it therefore had no right to recover on these notes.

(2) Appellant complains because, as it contends, it is not possible to determine the ground upon which the jury found for the defendants, or whether all of the jurors agreed upon the same ground of defense. The court submitted the case to the jury on a general verdict under instructions which directed the jurors to find for the defendants if they found that the plaintiff took the notes with knowledge of the false representations made by defendant Meyers, or of the fact that the defendants Lett received no consideration for the transfer of these notes, or that the notes were not to be used until the house was up and the title to the lot cleared. The court, by full and correct instructions, directed the jury to consider and pass upon each of these questions separately, finally determining each question before it gave consideration to the next. This is the only manner in which a case involving several different grounds of liability or defense can be submitted on a general verdict. If the plaintiff desired a separate finding on each issue presented by the proof, it should have requested a special verdict.

*By the Court.*—Judgment affirmed.

FRITZ, J., took no part.